# FIRST DEPARTMENT, AUGUST, 1981

## (August 6, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MENDEZ, Appellant. — Judgment, Supreme Court, New York County (McQuillan, J.), rendered December 4, 1975 convicting defendant, after jury trial, of the crime of assault in the second degree (Penal Law, § 120.05) and sentencing him to an indeterminate term of imprisonment with a maximum of seven years, is unanimously reversed, on the law and the facts, and in the exercise of discretion, and the indictment is dismissed. On the original appeal in this matter, we held final decision in abeyance pending a hearing, which we directed, to determine whether there had been a denial of defendant's right to a speedy trial (63 AD2d 69). Since then such a hearing has been held and the Trial Judge, Mr. Justice McQuillan, has rendered a very thorough decision in which he states: "The delays in this case are simply intolerable and inexcusable. The delays were not caused by the defendant. The delay of 46 months in this case (involving a class D felony) is a per se frustration of the defendant's right to a speedy trial. A retrospective view of this case from its inception (a view I did not have when the case was first assigned to me in 1975) establishes that the delay was incompatible with the sound administration of justice. The speedy trial right may now be vindicated by a reversal of the judgment and a dismissal of the indictment." The District Attorney continues to disagree with the court's findings of fact on the speedy trial issue but states in a communication to this court: "However, given the factual findings below, we do not believe that it is reasonably likely that we could persuade this Court to agree with our position. That fact, plus the facts that defendant long since completed his prison term and has not since been arrested in New York, persuade us that we should not dispute the trial court's findings in this Court. Accordingly, if defendant chooses to argue that the judgment of conviction should be reversed and the indictment dismissed, we will not contest the propriety of that relief." The defendant's attorney has requested that relief, and we grant it. Concur — Murphy, P.J., Markewich, Bloom and Silverman, JJ.